**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**Elisia Lattimer, et al.,**

      **Plaintiffs,**

**v.**                                                **Case No. 3:20-cv-028
Judge Thomas M. Rose**

**Nationwide Mutual Insurance Company,**

      **Defendant.**

---

**ENTRY AND ORDER GRANTING IN PART PLAINTIFFS' JURISDICTIONAL MOTION FOR REMAND AND REQUEST FOR COSTS AND EXPENSES PURSUANT TO 28 U.S.C. §1447. (ECF 6). THE CLERK IS DIRECTED TO REMAND THIS CASE TO THE CHAMPAIGN COUNTY COMMON PLEAS COURT, BUT PLAINTIFFS' REQUEST FOR COSTS AND ATTORNEY FEES IS DENIED.**

---

Pending Before the Court is Plaintiffs' Jurisdictional Motion for Remand and Request for Costs and Expenses Pursuant to 28 U.S.C. §1447. (ECF 6).

**I.**      **Background**

On January 15, 2020, Plaintiffs Elisia Lattimer and Creative Financial Solutions Network, LLC,[1] filed a Complaint in the Champaign County Court of Common Pleas against Defendants, Nationwide Mutual Insurance Company and Allied Insurance Company of America, asserting claims for breach of contract, bad faith for failure to pay insurance claims, unjust enrichment, and specific performance. (Compl., Jan. 27, 2020, ECF 3.) Service was perfected on January 23,

---

1 The docket and complaint describe Creative Financial Solutions Network as "Ltd.," but the registration documents describe it as an LLC. ECF 8-2, PageID 495. The Court will refer to it as an LLC.

2020. *Lattimer v. Nationwide Mutual Insurance Company*, 2020-cv-008, Docket (Champaign Co. Ct. Common Pleas).

On January 27, 2020, Defendants removed this case to the District Court for the Southern District of Ohio, Western Division, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, claiming there is complete diversity of citizenship between the parties. (Defs' Pet. For Removal, Jan. 27, 2020, ECF 1, at 3, ¶ 8.)

Plaintiff currently spends most of her time in Florida, she has significant presence in, and intends on returning to, Ohio. (See Ex. 1, Lattimer Aff.)   Lattimer owns the 133 E. Court Street, Urbana, Ohio property and building that are the subject of this lawsuit. Id. ¶ 7.   She resided and conducted business in that building until a fire destroyed it. Id. ¶¶ 8-10.   Lattimer also owns a condominium in Columbus, Ohio, where her son lives, and where she stays when she is in Ohio. Id. ¶¶ 4-6.   She also owns, registers, and maintains a car in Ohio (id. at 2, ¶ 21), and is storing furniture and other personal property in Ohio (id. at 2, ¶ 15) — at least until the property that is the subject of this lawsuit is either demolished or rebuilt.

Lattimer's family, including her two adult children, reside, and have always resided, in Ohio. Id. ¶ 3.   Lattimer has numerous friends in Ohio. Id. ¶ 15.   The vast majority of Lattimer's business clients reside in Ohio. Id. ¶ 23.   Lattimer's primary care doctor, ophthalmologist, dentist, accountant, and attorneys, are in Ohio. Id. ¶¶ 16-20.   Lattimer maintains her bank account in Marysville, Ohio.   Lattimer's car is registered in Ohio. Id. ¶¶ 21-22.

More importantly, Defendant Nationwide Mutual Insurance Company, was and is a citizen of the State of Ohio and is incorporated under the laws of the State of Ohio for purposes of diversity jurisdiction under 28 U.S.C. §1332(c).   Likewise, Allied Insurance Company of America, was

and is a citizen of the State of Ohio and is incorporated under the laws of the State of Ohio for purposes of diversity jurisdiction under 28 U.S.C. §1332(c). ECF 1, PageID 2.

**II.  Standard of Review**

A motion to remand is determined in light of the law surrounding removal.  The procedure for removal of an action to federal court is found in 28 U.S.C. §§ 1441(a), which provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by defendant or defendants, to the district court of the United States for the districts and division embracing the place where such action is pending....

28 U.S.C. § 1441(a).  It is well settled that the party seeking removal bears the burden of establishing its right thereto.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921). The removal petition is to be strictly construed, with all doubts resolved against removal.  *Her Majesty The Queen v. City of Detroit,* 874 F.2d 332, 339 (6th Cir. 1989).

On a motion for remand, the question is whether the district court lacks subject matter jurisdiction.  28 U.S.C. 1447(c).  In other words, the issue is whether the case was properly removed in the first instance.  *Provident Bank v. Beck,* 952 F. Supp. 539, 540 (S.D. Ohio 1996). In matters concerning the existence of a federal law question or diversity of citizenship, the right of removal is determined by pleadings, viewed as of the time when petition for removal is filed. *Albright v. R.J. Reynolds Tobacco Co.,* 531 F.2d 132 (3d Cir. 1976).

Any doubts resolving federal jurisdiction should be resolved in favor of remand. *Hechten v. Nationwide Fire Ins. Co.*, 2015 U.S. Dist. LEXIS 5103 (S.D. Ohio, 2015); *Nat'l City Bank v. Aronson*, 474 F.Supp.2d 925, 2007 U.S. Dist. 11880 (S.D. Ohio, 2007) (removal petitions are to be strictly construed, with all doubts resolved in favor of remand); *Safe Workers' Org. v. Ballinger*,

3

389 F. Supp. 903, 1974 U.S. Dist. Lexis 5696, (S.D. Ohio 1974); See also, *Diamed, LLC. V. Diamed United States, LLC*, 2011 U.S. Dist., LEXIS 47280 (N.D. Ohio 2011) (all doubts regarding removal must be resolved in favor of remand); *Hardy v. Square D. Co.*, 199 F.Supp.2d 676, 2002 U.S. Dist. LEXIS 7629, (N.D. Ohio 2002).

**III.    Analysis**

The parties contest whether Plaintiff is a resident of Florida, at the address she listed on her complaint filed in state court, or of Ohio, due to facts listed in her affidavit in support of her motion. Little is made of the citizenship of Creative Financial Solutions Network LLC.

Every court to have considered the nature of an LLC for diversity purposes has ruled that they are citizens of every state in which its members are citizens. See *Johnson v. Columbia Properties Anchorage*, *LP*,  437 F.3d 894, 899 (9th Cir. 2006) (citing *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)).  The complaint fails to inform the Court who are the owners or members of the LLC, much less their citizenships.

Creative Financial Solutions Network, LLC, is a resident in every state where its members are domiciled.  The parties do not inform the Court what members comprise the LLC, but the Court assumes that Lattimer is one. See ECF 8-2, PageID 495.  Her residency in Ohio would defeat diversity, but so would that of any other member**.**

4

As regards Lattimer, state citizenship for the purpose of the diversity requirement is equated with domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990) (citing *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980); *Rodriguez–Diaz v. Sierra–Martinez*, 853 F.2d 1027 (1st Cir. 1988); *Valedon Martinez v. Hospital Presbiteriano de la Comunidad*, 806 F.2d 1128 (1st Cir. 1986)). A person's previous domicile is not lost until a new one is acquired. Id. (citing *Kaiser v. Loomis*, 391 F.2d 1007 (6th Cir.1968); *Lew v. Moss*, 797 F.2d 747 (9th Cir.1986); *Maple Island Farm, Inc. v. Bitterling*, 196 F.2d 55 (8th Cir.1952)). "'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citing *District of Columbia v. Murphy*, 314 U.S. 441 (1941); *In re Estate of Jones*, 192 Iowa 78, 80, 182 N.W. 227, 228 (1921)). Establishment of a new domicile is determined by two factors: residence in the new domicile, and the intention to remain there. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); 13 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3612.

Lattimer argues that she resides in Florida, but that she is there because of the loss of her house, and that she intends to return to Ohio. While she has registered her business in Florida, she returns to Ohio to visit her son. Ohio is also where her car is registered, and where her primary care doctor, ophthalmologist, dentist, accountant, and attorneys. Id. ¶¶ 16-20. Lattimer maintains her bank account in Marysville, Ohio. Lattimer, in the eyes of this Court, is an Ohio resident. But that is not the clearest reason why the case does not belong in this Court.

"A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served

5

as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Both Defendants have been served and are residents of Ohio. This "forum defendant" rule "reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state." Erwin Chemerinsky, FEDERAL JURISDICTION § 5.5, at 345 (4th ed. 2003). Accordingly, even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal. 28 U.S.C. § 1441(b); *Gilbert v. Choo-Choo Partners II, LLC*, No. 1:05-CV-99, 2005 WL 1719907, at *1 (E.D. Tenn. July 22, 2005). The forum defendant rule disallows federal removal in cases premised on diversity because the primary rationale for diversity jurisdiction—to protect defendants against a presumed bias of local courts—is not a concern when at least one defendant is a citizen of the forum state. *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013); see *Allen v. GlaxoSmithKline PLC*, 2008 WL 2247067, at *4 (E.D. Pa. May 30, 2008) ("With an in-state defendant, the likelihood of local bias is reduced, if not eliminated, and removal to a federal forum is not warranted."). *Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215, 1222 (M.D. Tenn. 2017).

This brings the Court to Plaintiffs request for fees. An award of attorney's fees under § 1447 falls within the sound discretion of the court. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993); *Taylor–Sammons v. Bath*, 398 F. Supp. 2d 868, 877-78 (S.D. Ohio 2005). A finding of an improper purpose in the removal is not required to support an award of fees. Id. However, a "district court abuses its discretion by refusing to award fees where the defendant's argument for removal was 'devoid of even fair support.'" *Taylor–Sammons v. Bath*, 398 F. Supp. 2d at 878 (citing *Bartholomew v. Town of Collierville, Tenn.*, 409 F.3d 684, 687 (6th Cir. 2005)).

6

In the instant case, as regards the question argued by the parties, Lattimer's residency, both parties' position was supported by facts. While the forum defendant rule deprives Defendant of fair support in removing the case, Plaintiffs' failure to notice this defect, and Plaintiffs' further failure to inform the Court of the membership of the Plaintiff LLC weighs against awarding Plaintiff fees. The grounds upon which Plaintiffs urged the Court to remand and upon which Defendants opposed remand were not "devoid of…fair support."

### IV. Conclusion

Diversity jurisdiction is not present because Lattimer remains a resident of Ohio. Even if absolute diversity were present, Defendants are precluded from removing to this Court because of the forum defendant rule. Thus, Plaintiffs' Jurisdictional Motion for Remand and Request for Costs and Expenses Pursuant to 28 U.S.C. §1447, (ECF 6), is **GRANTED IN PART**. The Court **DENIES** Plaintiffs' request for costs and attorney fees. The Clerk is **DIRECTED** to **REMAND** this matter to the Champaign County Common Pleas Court.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, September 30, 2020.

/s/ Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE